# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FARM FAMILY CASUALTY      :
INSURANCE COMPANY,       :
               :
     Plaintiff,        :
               :
v.              :    NO. 3:07CV859 (MRK)
               :
TIMOTHY J. SUCHOCKI,      :
BISON BROOK FARMS, INC., and    :
SUCHOCKI & SONS, INC.,       :
               :
     Defendants.       :

## RULING AND ORDER

Currently pending before the Court is Plaintiff Farm Family Casualty Insurance Company's ("Farm Family") Motion to Dismiss Counterclaim by Defendant, Timothy J. Suchocki [doc. # 37]. Farm Family claims that the Court should dismiss three counts of Mr. Suchocki's counterclaim under Rule 12(b)(1) of the *Federal Rules of Civil Procedure*, based on the abstention doctrine as articulated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Farm Family contends that this Court should dismiss Mr. Suchocki's counterclaim because is currently suing Farm Family in state court and alleging the identical claims. Farm Family also asserts that the fourth counterclaim for bad faith should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Court DENIES the Motion to Dismiss.

"[A]bstention 'is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it . . . .'" *Village of Westfield v. Welch's*, 170 F.3d 116, 121 (2d Cir. 1999) (quoting *Colorado River*, 424 U.S. at 813). There are several different abstention doctrines serving different purposes. *See, e.g., Sica v. Connecticut*, 331 F. Supp. 2d 82, 85-86 (D.

Conn. 2004).  *Colorado River* abstention is founded on considerations of "wise judicial administration."  *Colorado River*, 424 U.S. at 818.  Ordinarily, as between state and federal courts, the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction.  However, under *Colorado River*, a federal court may abstain in "exceptional circumstances" to conserve federal judicial resources, where resolution of existing concurrent state-court litigation could result in "comprehensive disposition of litigation."  *Id*. at 813, 817.

Here, the Court agrees that it would be best to adjudicate all issues in one forum, but that is not what Farm Family seeks.  Instead, Farm Family wants its issues adjudicated in federal court while Mr. Suchocki's issues would be adjudicated in state court.  In this case, that splitting of issues makes no sense. Mr. Suchocki's counterclaims are intimately intertwined with Farm Family's claims.  Indeed, Mr. Suchocki's claims would, in the Court's view, constitute compulsory counterclaims in this action under *Federal Rule of Civil Procedure* 13(a).  Therefore, granting abstention in this case would foster piecemeal adjudication, not prevent it.  Furthermore, in this case, the parties will be able to invoke preclusion doctrines to avoid duplicate and potentially inconsistent adjudications.  *See Woodford v. Cmty. Action Agency*, 239 F.3d 517, 525 (2d Cir. 2001) ("[T]he primary context in which we have affirmed *Colorado River* abstention in order to avoid piecemeal adjudication has involved lawsuits that posed a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel.").  As the Second Circuit explained in *Woodford*,

> There is no bar against parallel *in personam* actions proceeding in two or more courts.  "Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court.  Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by application of the principles of *res adjudicata*."

2

*Id.* (quoting *Kline v. Burke Constr. Co.*, 260 U.S. 226, 230 (1922)). Accordingly, considering all of the relevant factors under *Colorado River* abstention, the Court exercises its discretion not to abstain.

As to Farm Family's claim that Mr. Suchocki has not adequately pled a bad faith claim, it does appear from the pleadings that Mr. Suchocki will have a difficult burden to establish such a claim. However, bad faith is a claim that is likely to benefit from discovery, and the presence of this claim is unlikely to require any greater discovery or effort than the other claims Mr. Suchocki has asserted. Therefore, without in any way intimating whether Mr. Suchocki will ultimately succeed on his claim, the Court denies the request to dismiss it at the outset. *See Desiano v. Warner-Lambert Co.*, 326 F.3d 339, 347 (2d Cir. 2003) ("[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.") (quotation marks omitted).

Accordingly, Plaintiff's Motion to Dismiss Counterclaim by Defendant, Timothy J. Suchocki [doc. # 37] is DENIED.

IT IS SO ORDERED.

/s/ _____Mark R. Kravitz_____
United States District Judge

**Dated at New Haven, Connecticut: January 28, 2008.**